2020 IL App (1st) 182500-U

Nos. 1-18-2500 and 1-19-0510

(CONSOLIDATED)

Order filed June 24, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROBERT ANTONSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 18 CH 6787 |
| | ) | 18 CH 4367 |
| THE DEPARTMENT OF HUMAN SERVICES and | ) | |
| JAMES T. DIMAS, SECRETARY OF HUMAN | ) | Honorable |
| SERVICES, | ) | Franklin U. Valderrama and |
| | ) | Celia G. Gamrath, |
| Defendants-Appellees. | ) | Judges, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Ellis and Justice McBride concurred in the judgment.

**ORDER**

¶ 1 *Held*: Circuit court's dismissal for lack of jurisdiction of plaintiff's two actions for administrative review against the Department of Human Services (DHS) affirmed where DHS had not issued final administrative decisions in either case.

¶ 2 In this consolidated appeal, plaintiff Robert Antonson appeals *pro se* from orders of the circuit court of Cook County dismissing his two cases for administrative review filed against

defendants, the Department of Human Services (DHS) and its secretary, James T. Dimas.[1] In each case, the court granted the defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to section 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)). On appeal, plaintiff challenges the dismissals. We affirm.

¶ 3     Documents in the record show that plaintiff and his family received benefits from programs administered by DHS including Temporary Assistance for Needy Families (TANF) and the Supplemental Nutrition Assistance Program (SNAP). On November 4, 2016, plaintiff received two notices from DHS regarding reductions in his benefits beginning in December 2016 for his administrative case number 06-233-01-CX5954. The first notice entitled "Notice of Change – SNAP Work Sanction" provided that the SNAP benefits for plaintiff's family would be reduced to $511 per month because plaintiff failed to comply with a TANF work and training requirement, rendering him ineligible for SNAP benefits for three months. The second notice entitled "Notice of Change – Sanction" provided that the cash assistance benefits for plaintiff's family would stop for at least three months because plaintiff failed to meet the activity requirement without good cause when he failed to respond to a written notice for a meeting. This notice further stated that the cash benefits would be restored for the fourth month if plaintiff's family met all of the program requirements before that time and had no other sanctions.

¶ 4     On November 21 and 29, 2016, plaintiff filed appeal request forms with DHS requesting hearings on the two reductions of his TANF benefits in the November 4 notices. On both appeal forms, plaintiff indicated that he disagreed with an imposed penalty period, a sanction, and

---

[1] Dimas has since been replaced by the current secretary, Grace B. Hou. See 735 ILCS 5/2-1008(d) (West 2018).

"retaliatory misconduct" by a social worker. He further indicated that he wanted his cash assistance, medical assistance and SNAP benefits to continue until DHS made a hearing decision, and that he understood that he may have to repay those benefits if the decision was not in his favor.

¶ 5    On March 21, 2018, plaintiff emailed Dimas regarding his November 21, 2016, appeal request form, claiming that DHS had refused to assign an appeal number and failed to send him a confirmation notice, in violation of DHS's rules and regulations. Plaintiff further stated:

> "If we do not hear from you in ten (10) days from this, it will be concluded that you reached a *"Final Decision of Refusal to Hear an Appeal"*, and your disposition or dismissal stays, therefore we will take upon your invite to file an "Administrative Review" in The Circuit Court of Cook County, Illinois, pursuant to 735 ILCS 5/3-101 et seq." (Emphasis in original.)

Plaintiff attached to his email prior emails he had sent Dimas regarding appeals he filed with DHS in other cases, alleging that DHS had failed to act or engaged in misconduct in those cases. On May 16, 2018, plaintiff sent a nearly identical email to Dimas regarding his November 29, 2016, appeal request form, including the same 10-day demand notice quoted above.

¶ 6    On May 29, 2018, plaintiff filed a *pro se* complaint for administrative review against defendants in the circuit court of Cook County which became case number 18 CH 6787. Plaintiff alleged that DHS had issued a final administrative decision that same day, May 29, refusing to hear his appeal in DHS case number 06-233-01-CX5954. Plaintiff stated, without further explanation, that DHS's decision was not in accordance with the law, and that he had exhausted all of his available administrative remedies. Plaintiff attached to his complaint the DHS appeal

request form he filed on November 29, 2016, the November 4 DHS notice entitled "Notice of Change – SNAP Work Sanction," and the email he sent Dimas on May 16, 2018.

¶ 7       Defendants filed a motion to dismiss plaintiff's complaint pursuant to sections 2-619(a)(1), (5) and (9) of the Code. Defendants asserted that, contrary to plaintiff's allegation that DHS refused to hear his appeal, an appeal regarding his SNAP benefits was pending before DHS. That appeal, number 1800275002, was heard, but a final administrative decision had not yet been issued. The initial hearing of the appeal occurred on May 29, 2018, the day plaintiff alleged that DHS issued the final decision for which he sought administrative review in the court. Additional hearings in the matter were held by DHS on June 27 and August 1, 2018. Accordingly, defendants argued that plaintiff's complaint should be dismissed pursuant to section 2-619(a)(1) because the circuit court lacked subject matter jurisdiction where plaintiff's appeal was still pending, and DHS did not issue a final administrative decision on May 29, 2018. Defendants further argued that plaintiff's complaint should be dismissed pursuant to section 2-619(a)(9) because plaintiff had not exhausted all of his available administrative remedies prior to seeking judicial review where an appeal regarding his SNAP benefits was still pending before DHS.

¶ 8       Alternatively, defendants argued that plaintiff's complaint should be dismissed pursuant to sections 2-619(a)(1) and (5) of the Code because, to the extent plaintiff sought review of an alleged final decision by DHS refusing to hear his appeal filed on November 29, 2016, plaintiff did not file his complaint in the circuit court within 35 days of that decision as required by the Administrative Review Law. Defendants noted that DHS's rules regarding administrative hearings provided that, "[t]he local office shall schedule a pre-hearing meeting with the appellant within 10 days after a notice of appeal is received." 89 Ill. Adm. Code 14.11(a) (2016). Defendants asserted

that, because plaintiff's appeal request form was received by DHS on November 29, 2016, any failure to hold a pre-hearing meeting would have occurred 10 days later, on December 9, 2016. Consequently, if DHS made a final decision refusing to hear plaintiff's appeal, that decision was made on December 9, 2016, and plaintiff's complaint filed May 29, 2018, was untimely filed 536 days after that decision, not within 35 days. See 735 ILCS 5/3-102, 3-103 (West 2016). Thus, plaintiff's complaint was time-barred and the circuit court lacked jurisdiction to consider it.

¶ 9 Defendants attached to their motion an affidavit from Richard Madison, deputy general counsel and chief administrative law judge for DHS, who oversaw its Bureau of Hearings. Madison stated that plaintiff had two appeals pending before DHS. The first was on remand from the circuit court in unrelated case number 16 CH 14571. Four hearings had been held in that appeal, but no final administrative decision had been issued. The second appeal, number 1800275002, involved plaintiff's SNAP benefits. Hearings in that appeal were held on May 29, June 27, and August 1, 2018. A final administrative decision had not been issued in that appeal. Madison averred that DHS did not issue a final administrative decision on May 29, 2018, for either of plaintiff's appeals. Madison noted that plaintiff indicated in his complaint that his appeal concerned case number 06-233-01-CX5954, which involved plaintiff's TANF benefits. That case number was not the subject of either of plaintiff's appeals pending before the Bureau of Hearings.

¶ 10 Madison further explained that plaintiff filed an appeal regarding his TANF case number 06-233-01-CX5954 on November 14, 2016. That appeal was assigned numbers A16-025360 and 1600119027. DHS issued a final administrative decision in that appeal on April 28, 2017. As of August 17, 2018, DHS had no record of plaintiff filing a complaint for administrative review of that final decision.

¶ 11    Plaintiff filed a *pro se* response to defendants' motion to dismiss arguing that the motion did not apply to this case. Plaintiff stated that he had filed over 30 appeals with DHS and had 5 appeals pending. Plaintiff maintained that DHS issued a final decision on May 29, 2018, refusing to hear the appeal that was the subject of this case. He argued that he filed his complaint in the circuit court on that same date, and thus, filed within the time limit required by law. Plaintiff stated that appeal number 1800275002, discussed in Madison's affidavit, was unrelated to this case. He accused Madison of perjury and argued that his affidavit was not credible. Plaintiff stated that he exhausted all of his available administrative remedies through persistent email correspondence with defendants over the last two years. Plaintiff further asserted that DHS repeatedly violated its rules and regulations, and that it engaged in misconduct, doctoring of documents, continuous harassment of plaintiff's family, and "massive fraud."

¶ 12    Plaintiff also filed a *pro se* "Motion to Compel Defendant for Complete Documents Discovery" claiming that DHS refused to provide all documents related to this case during discovery. He alleged that DHS was hiding incriminating evidence of its "fraudulent activities."

¶ 13    Defendants filed a reply in support of their motion to dismiss arguing that there was no final administrative decision at issue that conferred jurisdiction upon the circuit court. Defendants maintained that DHS did not issue a final decision refusing to hear plaintiff's appeal on May 29, 2018. Further, DHS had not issued a final administrative decision within 35 days of plaintiff's filing of his complaint. Defendants noted that on August 21, 2018, after they filed their motion to dismiss in this case, DHS issued final administrative decisions in both of plaintiff's pending appeals addressed in Madison's affidavit. Defendants also argued that plaintiff's mere conclusion that Madison's affidavit constituted perjury lacked support, and therefore, the court should

consider Madison's attestations and dismiss plaintiff's complaint. In addition, defendants noted that discovery is inappropriate in cases brought pursuant to the Administrative Review Law because no new or additional evidence can be heard by the circuit court.

¶ 14     Plaintiff filed a *pro se* surresponse maintaining that defendants had refused to produce all of the documents related to this case. He claimed that defendant's reply and Madison's affidavit contained perjury, and accused the Illinois Attorney General of being corrupt. Plaintiff asked the court to compel defendants to "stop lying," produce all of the documents for discovery, and order restitution for all of the illegally sanctioned benefits to which his family was entitled.

¶ 15     On November 1, 2018, the circuit court granted defendants' motion to dismiss.

¶ 16     On November 28, 2018, plaintiff filed a *pro se* motion to vacate the dismissal order. Plaintiff argued that defendants admitted that they refused to hear his appeal in an effort to perpetually harass his family by withholding benefits as retaliation for his opposition and criticism of DHS's massive fraud and misappropriation of funds. Plaintiff argued that the "Final Notice" in his email was an "ultimatum" which constituted DHS's final decision refusing to hear his appeal. Plaintiff asserted that the perjury in Madison's affidavit and DHS's fraudulent activity would be proven when DHS produced the entire record. That same day, plaintiff filed an "Amended Motion" to compel defendants to produce the entire record and his *pro se* notice of appeal.

¶ 17     On December 6, 2018, the circuit court denied plaintiff's motion to vacate and his amended motion to compel defendants to produce the record. Plaintiff did not file a new notice of appeal.[2] Plaintiff's appeal from this order became our appellate case number 1-18-2500.

---

[2] Although plaintiff did not file a new notice of appeal, jurisdiction in this court is proper. Plaintiff's notice of appeal, filed simultaneously with his timely postjudgment motion, became effective

¶ 18     In the second case, on April 4, 2018, plaintiff filed a similar *pro se* complaint for administrative review that became circuit court case number 18 CH 4367. Plaintiff alleged that DHS had issued a final administrative decision that same day refusing to hear his appeal in DHS case number 06-233-01-CX5954. Plaintiff stated, without further explanation, that DHS's decision was not in accordance with the law. He further stated that he had exhausted all of his available administrative remedies. Plaintiff attached to his complaint the DHS appeal request form he filed on November 21, 2016, the November 4 DHS notice entitled "Notice of Change – Sanction," and the email he sent Dimas on March 21, 2018.

¶ 19     Defendants filed a motion to dismiss plaintiff's complaint pursuant to sections 2-619(a)(1) and (5) of the Code. Defendants argued that DHS had not issued a final administrative decision in any of plaintiff's matters on April 4, 2018, as alleged in the complaint, and therefore, the circuit court lacked subject matter jurisdiction to hear the case. Alternatively, defendants argued that, to the extent plaintiff sought review of an alleged final decision by DHS refusing to hear his appeal filed on November 21, 2016, plaintiff did not file his complaint in the circuit court within 35 days of that decision as required by the Administrative Review Law. Defendants asserted that, because plaintiff's appeal request form was received by DHS on November 21, 2016, any failure to hold a pre-hearing meeting would have occurred 10 days later, on December 1, 2016. Consequently, if DHS made a final decision refusing to hear plaintiff's appeal, that decision was made on December 1, 2016, and plaintiff's complaint filed April 4, 2018, was untimely filed 489 days after that

---

when the circuit court entered the order denying his motion to vacate. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).

decision, not within 35 days. See 735 ILCS 5/3-102, 3-103 (West 2016). Thus, plaintiff's complaint was time-barred and the circuit court lacked jurisdiction to consider it.

¶ 20    Defendants attached to their motion an affidavit from Madison discussing the same two appeals as his affidavit in the case above. Those two appeals were the most recent appeals plaintiff had pending with DHS. Madison averred that DHS issued final administrative decisions in both of those appeals on August 21, 2018. Madison stated that DHS had not issued a final administrative decision in either of plaintiff's appeals on April 4, 2018. Madison further noted that plaintiff indicated in his complaint that his appeal concerned case number 06-233-01-CX5954, which involved plaintiff's TANF benefits. That case number was not the subject of either of plaintiff's most recent appeals.

¶ 21    Plaintiff filed a *pro se* response to defendants' motion to dismiss that was substantially similar to the response he filed in the above case. He again argued that defendant's motion did not apply to this case. Plaintiff stated that he had filed over 40 appeals with DHS and had 5 appeals pending. Plaintiff maintained that DHS issued a final decision on April 4, 2018, refusing to hear the appeal that was the subject of this case. He argued that he filed his complaint in the circuit court on that same date, and thus, filed within the time limit required by law. Plaintiff maintained that Madison committed perjury and that DHS repeatedly violated its rules and regulations.

¶ 22    Defendants filed a reply in support of their motion to dismiss arguing that there was no final administrative decision at issue that conferred jurisdiction upon the circuit court. Defendants noted the 10-day ultimatum plaintiff included in his email to Dimas. It argued that the email did not lead to a "Final Decision of Refusal to Hear an Appeal" and that plaintiff could not simply dictate when an administrative decision was entered. Defendants also argued that plaintiff's mere

conclusion that Madison's affidavit constituted perjury lacked support, and therefore, the court should consider Madison's attestations and dismiss plaintiff's complaint.

¶ 23    Plaintiff filed a *pro se* surresponse claiming that defendants admitted that the final notice "ultimatum" in his email constituted DHS's "Final Decision of Refusal to Hear an Appeal." He therefore maintained that DHS issued a final administrative decision on April 4, 2018.

¶ 24    On February 25, 2019, the circuit court granted defendants' motion to dismiss plaintiff's complaint. The circuit court stated that the numerous appeals plaintiff filed in court had become "muddled and duplicative." The court noted that the emails plaintiff attached to his complaint were "one-sided correspondence" he sent to defendants. The court found that there was no final administrative decision issued by DHS on April 4, 2018, for the court to timely review. The court stated that plaintiff's email could not "force the agency's hand into rendering a 'Final Decision of Refusal to Hear an Appeal,' " and that plaintiff did not have the authority to dictate when a final administrative decision was rendered. The court found that plaintiff provided no proof other than his own email that DHS issued a final decision on April 4. Consequently, the court looked to the "unrefuted affidavit" of Madison, who attested to the fact that no administrative decision was entered on April 4. The court concluded that, because no final administrative decision was issued, it lacked subject matter jurisdiction to hear plaintiff's administrative appeal, and dismissed the complaint pursuant to section 2-619(a)(1) of the Code.

¶ 25    On March 8, 2019, plaintiff filed a timely notice of appeal which became our case number 1-19-0510.

¶ 26    In this consolidated appeal, plaintiff challenges the circuit court's dismissals of his complaints in both cases. Plaintiff contends that the dismissals by the circuit court must be reversed

because they are illegal and violate DHS's rules and regulations. He also argues that this court should reverse DHS's administrative decisions refusing to hear his appeals because they are against the manifest weight of the evidence. Plaintiff asserts that he had to "force" the defendants to make a decision by issuing DHS a "final Notice" on May 16, 2018, and such action "is assumed to be the final Decision, as of 10 (ten) days later." In addition, plaintiff claims that rulings by the circuit court and this court show that the courts are biased against him. Much of the content in plaintiff's *pro se* briefs attacks alleged misconduct by DHS and is incomprehensible.

¶ 27 Defendants respond that the circuit court's dismissals of plaintiff's two complaints must be affirmed because the court lacked subject matter jurisdiction over plaintiff's appeals where DHS did not issue final administrative decisions on the dates alleged, April 4 and May 29, 2018. Defendants argue that plaintiff cannot "force" DHS to make a final administrative decision or "create" such decisions by emailing DHS 10-day "final notices" demanding decisions. Defendants further argue that plaintiff did not exhaust all of his administrative remedies with DHS prior to filing his complaints in the circuit court where DHS has not issued final decisions. Alternatively, defendants argue that, if DHS failed to schedule pre-hearing meetings with plaintiff as he alleges, those failures occurred in December 2016, and plaintiff's complaints filed in April and May of 2018 were untimely filed well beyond the 35-day time limit provided by the Administrative Review Law. In addition, defendants argue that plaintiff has not met his burden of showing bias by this court or the circuit court.

¶ 28 Initially, we find that plaintiff's *pro se* briefs do not comply with the requirements of Illinois Supreme Court Rule 341(h)(6) and (7) (eff. May 25, 2018). Neither of his briefs contain an "Argument" section or a cohesive argument supported by relevant legal authority. See *Lewis v.*

*Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 6 ("[P]laintiff failed to provide a cohesive legal argument or a reasoned basis for his contentions.") Instead, each contains a "Statement of Facts" which fails to present the facts and procedural history in a manner that aids our understanding of the case, or in a manner that is clear, accurate, without commentary, and with appropriate reference to the record on appeal. See *MHM Services, Inc. v. Assurance Co. of America*, 2012 IL App (1st) 112171, ¶ 2 (plaintiff's statement of facts was argumentative, occasionally lacked citation to the record, conveyed insufficient facts and irrelevant details, and was unnecessarily confusing). As noted above, much of the content in plaintiff's *pro se* briefs attacks alleged misconduct by DHS, is not based on facts contained in the record, and is incomprehensible. Based on plaintiff's noncompliance with the rule, this court could strike his brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. However, because we have the benefit of a cogent appellees' brief (see *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001)), we choose to entertain the appeal (see *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983)).

¶ 29    In addition, plaintiff attached to his reply brief a printout of an article from the internet that is not included in the record on appeal. We are precluded from considering the information contained in this document as it is not properly before this court and cannot be used to supplement the record. *Revolution Portfolio, LLC v. Beale*, 341 Ill. App. 3d 1021, 1024 (2003).

¶ 30    Plaintiff is challenging the dismissal of his two complaints for administrative review pursuant to section 2-619 of the Code. A motion to dismiss under section 2-619 admits the legal sufficiency of the plaintiff's complaint but raises defenses, defects, or other affirmative matters outside of the pleadings that defeat the claim. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. A

section 2-619 motion admits all well-pleaded facts, but does not admit conclusions of law and conclusory factual allegations that are not supported by allegations of specific facts. *Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 21. The circuit court's dismissal of an action under section 2-619 is reviewed *de novo*. *Smith v. Vanguard Group, Inc.*, 2019 IL 123264, ¶ 9.

¶ 31    The Illinois Constitution provides that circuit courts have the power to review final administrative decisions only as provided by law. Ill. Const. 1970, art. VI, § 9; *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 32. The Administrative Review Law applies to and governs every action for judicial review of a final administrative decision where the statute creating or conferring power on the administrative agency expressly adopts its provisions. 735 ILCS 5/3-102 (West 2018). The Illinois Public Aid Code expressly provides that the Administrative Review Law applies to and governs all proceedings for judicial review of final administrative decisions by DHS on appeals by applicants or recipients under Articles III, IV, or V of the Public Aid Code. 305 ILCS 5/11-8.7 (West 2018).

¶ 32    Here, plaintiff is a recipient of benefits from DHS under the TANF program, which is governed by Article IV of the Public Aid Code (305 ILCS 5/4-0.5 *et seq.* (West 2018)). On both of his DHS appeal request forms, plaintiff indicated that he was appealing action taken against his TANF benefits. Both of the November 4, 2016, DHS notices from which plaintiff filed his appeal requests involved his eligibility for benefits as a recipient in the TANF program. In case number 1-18-2500, the DHS notice indicated that plaintiff's SNAP benefits were being reduced because he "failed to comply with a TANF work and training requirement." In case number 1-19-0510, the DHS notice indicated that plaintiff's cash assistance benefits, which are provided through the

TANF program, were being stopped for at least three months. Accordingly, plaintiff's actions seeking judicial review of alleged final decisions by DHS are governed by the Administrative Review Law.

¶ 33     The Administrative Review Law states that "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2012). As noted above, this statute allows for judicial review of "a final decision of any administrative agency." *Id.* The Administrative Review Law defines an "administrative decision" as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2018). " 'Such determinations contemplate an adversarial proceeding involving the parties, a hearing on the controverted facts, and an ultimate disposition rendered by an impartial fact finder.' " *Shempf v. Chaviano*, 2019 IL App (1st) 173146, ¶ 44 (quoting *O'Rourke v. Access Health, Inc.*, 282 Ill. App. 3d 394, 401 (1996)). "If there is no final administrative decision to review, the circuit court lacks subject-matter jurisdiction." *Id.*

¶ 34     Here, the record reveals that the circuit court's dismissals of plaintiff's complaints in both cases pursuant to section 2-619 of the Code were proper because the court lacked subject matter jurisdiction of plaintiff's actions. Plaintiff alleged that DHS issued a "Final Decision of Refusal to Hear an Appeal" on April 4 and May 29, 2018. He asserted that he "forced" the defendants to make these decisions by issuing DHS "final notices" on March 21 and May 16, 2018. His "final notices" stated that if he did not hear from DHS within 10 days, it would be "concluded" that DHS

reached a "Final Decision of Refusal to Hear an Appeal." Plaintiff claims that it is "assumed" that DHS's failure to respond to his final notices constituted final decisions. Madison, however, averred in his affidavits that DHS did not issue final administrative decisions in any of plaintiff's actions on April 4 or May 29.

¶ 35    Plaintiff cannot create final decisions or unilaterally determine that DHS issued final decisions based on its failure to respond to the ultimatums in his emails. Even if DHS had refused to hold hearings regarding plaintiff's November 21 and 29 appeal requests, such refusals would not have constituted final administrative decisions as contemplated by the Administrative Review Law as they would not have fixed the rights of the parties or terminated the proceedings before DHS. See *Shempf*, 2019 IL App (1st) 173146, ¶ 47. The evidence in the record establishes that DHS did not issue final administrative decisions on April 4 or May 29. Accordingly, because there were no final administrative decisions for the circuit court to review, the court properly determined in both cases that it lacked subject matter jurisdiction to consider plaintiff's claims. See *Shempf*, 2019 IL App (1st) 173146, ¶ 48.

¶ 36    For these reasons, we affirm the judgments of the circuit court of Cook County dismissing plaintiff's complaints for lack of subject matter jurisdiction.

¶ 37    Affirmed.